## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| COMPUTER PROTECTION IP, LLP,<br>    a Georgia limited liability company,<br><br>       Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File No. 2:26-cv-414

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Computer Protection IP, LLP ("CPIP" or "Plaintiff") files this Complaint against

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.

("SEA") (collectively, "Samsung" or "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff Computer Protection IP, LLP is a Georgia limited liability company with a

principal place of business in Cumming, Georgia.

2. Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the

laws of South Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-

gu, Suwon-si, Gyeonggi-do, 16667 Republic of Korea.  SEC may be served pursuant to

Fed. R. Civ. P. 4(f)(1) or by serving SEC's registered agent Ms. Jenni Chun at 19 Chapin

Rd., Bldg. D, Pine Brook, NJ 07058.

3. Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with

its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey.  SEA

has been registered to do business in the State of Texas since 1996, and may be served through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4.  SEA is a wholly-owned subsidiary of SEC.  SEA maintain a regular and established place of business in this judicial district, including a "flagship campus"[1] located at 6625 Excellence Way, Plano, Texas 75023.  Other SEA offices are located at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074, also in this district.

## JURISDICTION AND VENUE

5.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  This Court has personal jurisdiction over Defendants because they conduct substantial business in this District, including the acts of infringement described herein.

8.  This Court also has personal jurisdiction over Defendants because they have placed infringing products and services into the stream of commerce, with the expectation that they will be purchased and used in this District, such that employees, customers and other users have used said products and services in Texas and in this District, allowing Defendants to derive substantial benefits from infringing acts in this District.

9.  Venue is proper in this District as to SEC under 28 U.S.C. § 1391(c)(3) because SEC is a foreign corporation that is not a resident of the United States.

---

[1] https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/.

10. Venue is proper in this District as to SEA under  28 U.S.C. §§ 1391 and 1400(b) because SEA is subject to the personal jurisdiction of tis Court as set forth above, has committed patent infringement in this District, and maintains regular and established places of business in this District, including a "flagship campus" at 6625 Excellence Way, Plano, TX 75023.

11. Samsung has previously been party to numerous patent cases in this District and has repeatedly availed itself of the power and benefits of this Court by raising counterclaims seeking declaratory judgment of patent noninfringement and validity.

12. SEC and SEA are properly joined under 35 U.S.C. § 299(a)(1) because Defendants have committed the accused acts of patent infringement jointly, severally and arising out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, selling, and/or offering for sale the same accused Samsung products and services.  In addition, joinder is proper under 35 U.S.C. § 299(a)(2) because questions of fact relating to the accused products and services, in common to both Defendants, will arise in this action.

## BACKGROUND - SAMSUNG KNOX

10. Samsung develops, manufactures, and deploys a mobile security platform known as "Samsung Knox" (also referred to herein as "Knox").

11. Samsung Knox is a multi-layered security architecture implemented on Samsung mobile devices and enterprise systems, including remote attestation servers in communication with mobile Samsung devices.

12. Knox includes:

- A hypervisor-based security layer (e.g., Real-time Kernel Protection (RKP));

- Secure boot processes;

- Remote attestation functionality; and

- Policy enforcement and enterprise device control.

13. Knox operates within a distributed system including:

- Samsung mobile devices embedded with Knox security features; and

- Remote attestation servers which communicate with the Samsung mobile devices.

14. Samsung mobile devices include all mobile phones, laptops and other mobile devices which are embedded with Knox infrastructure, such that each device constitutes a protected computing device, each operating as a network node with its own address and communication capability.

15. Knox includes a hypervisor that is launched during mobile device boot and which operates prior to the deployment of the mobile device's operating system.

16. In Knox, a mobile device communicates with a remote authentication server that performs attestation and controls access to secure data and system functionality.

17. In Knox, Samsung mobile devices such as Galaxy phones constitute protected computing devices connected through a distributed network, each device operating as a network node, with its own network address and communication capability.

18. Knox further includes an enterprise control console used to enroll, monitor, and control devices and enforce policies across a distributed system.

19. Samsung, including SEA, use Samsung Knox to secure the mobile devices of its own employees in the United States.  Samsung also offers Samsung Knox for sale, and has sold or licensed Samsung Knox in the United States.

## BACKGROUND - SAMSUNG AND OPENSTACK

20. Samsung has created, deployed, and continues to use OpenStack, an open-source, distributed, standardized distributed cloud computing platform, in its network products (including its virtual radio access network, or vRAN, described below, as crucial for 5G network offerings) and for its own internal usage.  OpenStack is compatible with and can interoperate with other networks.  OpenStack is based on a set of software components that provide common services for cloud infrastructure.



Samsung Case Study: Using Openstack to Support a Massive Mobile Ecosystem

Source:  https://www.youtube.com/watch?v=fNuCTloLIkg, at 3:38.

21. Traditionally, the Radio Access Network (RAN)—the part of a mobile network that includes cell towers and baseband units—relied on proprietary hardware from a single vendor. That hardware was purpose-built, tightly integrated, and difficult to change.

22. vRAN flips that model.  It separates software from hardware.  It runs network functions on general-purpose servers (like data center infrastructure).  It uses virtualization and cloud technologies (e.g., OpenStack).  It enables software-defined operation of the RAN

23. In simple terms, vRAN turns the RAN into something that behaves more like cloud software than fixed telecom hardware.

24. With vRAN, network operators can deploy updates like software patches instead of hardware swaps, scale capacity up/down quickly depending on demand, and launch new features faster.

25. Because vRAN uses platforms like OpenStack, network functions run in virtual machines or containers, and updates can be done without taking the network offline, offering improved reliability and uptime.  This is a big shift from legacy systems where upgrades often meant service interruptions.

26. vRAN is critical for 5G scalability.  It enables the kind of dynamic, high-performance networks modern applications require.

27. Samsung, including SEA, offers its vRAN service for sale using a licensing model.  Upon information and belief, it has sold (licensed) this technology to U.S. 5G network providers as part of its sale of networking technology and related equipment.

28. Specifically, Alok Shah, in his capacity as Vice President, Networks Strategy, BD, & Marketing at SEA, gave an interview which was used in an article entitled "Samsung Rides OpenStack, Container Environment for 5G," by D. Meyer, which was published on

September 13, 2018[2], describing, *inter alia*, Samsung's use of OpenStack for 5G networks.   As demonstrated therein, OpenStack is a foundational platform that Samsung is using to enable its vRAN and other virtualized 5G functions.

29. SEA has also published "Virtualization is the Present and Future of Mobile Networks," an 11-page marketing brochure describing "Samsung's virtualized Radio Access Network (vRAN) solutions."[3]  As discussed, vRAN transforms the RAN from hardware-specific to software-based run on general-purpose servers. It is the evolution from vendor-specific, purpose-built baseband technologies to general-purpose platforms run by software.  According to the document, vRAN implements Open Sources (including OpenStack) so updates can be performed without disrupting services on the network.

30. At the OpenInfra Summit in Vancouver in 2023, Dan Paik of Samsung SDS gave a presentation entitled "Using Openstack to enable High Availability workloads."  In the course of this presentation, described Samsung SDS as an IT services company providing cloud services to Samsung's business units to use in the service of its customers.  He described "Samsung Electronics" as the largest of those business units.[4]  Upon information and belief, the reference to Samsung Electronics includes both SEC and SEA the two largest electronics companies in the Samsung corporate family.

31. Paik's presentation is shown on Youtube, and includes the following written statement: "This talk focuses on how we at Samsung SDS set up our Openstack based cloud in

---

[2]  Accessed at:  https://www.sdxcentral.com/news/samsung-rides-openstack-container-environment-for-5g/.
[3]  Accessed at:
https://images.samsung.com/is/content/samsung/assets/global/business/networks/insights/brochures/0520-virtualization-is-the-present-and-future-of-mobile-networks/Virtualization-is-the-Present-and-Future-of-Mobile-Networks.pdf.
[4]  See https://www.youtube.com/watch?v=FqPgnW5lndQ starting at 2:28.

multiple regions and multiple zones in order to enable applications to run on multiple zones as well as support disaster recovery with multiple regions."

32. In the presentation, Paik described the Samsung cloud as evolving from a hybrid cloud architecture in 2019 to a Samsung Cloud Platform launched in July of 2021.  The Samsung Cloud is supported by 17 different data centers worldwide to ensure high availability to Samsung enterprise users, including users employed by SEA in New Jersey and Texas.  The Samsung data centers in Austin, TX, Dallas, TX and New Jersey support the Samsung Cloud.  Paik stated that OpenStack is needed to support the Samsung Cloud:



Source:  https://www.youtube.com/watch?v=FqPgnW5lndQ, at 5:13-6:00.

33. When deployed, OpenStack acts as a distributed computer system comprising multiple computing devices across multiple network nodes, including controller nodes, compute nodes, and storage nodes.



Source: https://www.openstack.org/.

34. OpenStack includes core software-based components such as:

- Nova (compute)

- Horizon (dashboard)

- Keystone (authentication)

- Glance (image storage)

- Cinder (block storage)

- Swift (object storage).

35. OpenStack's Nova compute software, when executing on a server is commonly described as a Nova compute node.  Each of these nodes operates as a protected computing device that, among other things:

- is hardened and secured;

- operates within a network isolation framework; and

- executes hypervisor(s) to manage the launch and lifecycle of virtual machines (VMs).

9

36. Each Nova compute node includes a hypervisor that creates and manages user-instantiated virtual machines.

37. OpenStack further includes a Horizon dashboard service – software executing on a web server -- accessible to a browser running on one or more client computing devices.  This service enables a system administrator and other users to exert control over compute nodes and other system resources.  For example, accessing Horizon, a user may launch a virtual machine.  Said launch also necessarily involves implicates the Nova compute service and Nova compute nodes.  As noted, Nova instantiates and hosts the virtual machines.

38. OpenStack employs a Keystone identity service which executes on a server.  Keystone software, when executing, authenticates each of the OpenStack services and provides an authorization token for validation as necessary to access the various OpenStack resources.

39. Paik described the Samsung Cloud using typical OpenStack parlance, describing "Compute" services including virtual machine autoscaling, "Storage" services including block storage and object storage, "Networking" services including gateways, firewalls, security groups, and load balancing.



Source:  https://www.youtube.com/watch?v=FqPgnW5lndQ, at 11:28.

40. The "Compute," "Storage" and "Networking" blocks shown above are, on information and belief, referring to the OpenStack components, illustrated in the following diagram:



11

Source:  Webster, *Is OpenStack ready for prime time?* (9/14/2015), accessed at

https://www.networkworld.com/article/943154/is-openstack-ready-for-prime-

time.html?utm_source=chatgpt.com.

41. Paik (at 12:28-12:39) discussed the transition from Samsung's cloud in 2019 through 2023 as being one where OpenStack was being implemented.

42. Paik further discussed the design options facing the Samsung Cloud's architecture's deployment of OpenStack in 2023.  During his presentation, he identified a slide entitled "Architecture - Option 3" as the option Samsung chose.  Option 3 shows various OpenStack services including "Keystone" (identity) operating on a single server cluster, with "Nova" (Compute API), "Cinder" (Block Storage API) and "Neutron (Networking API) services operating on multiple regional server clusters:



Source: https://www.youtube.com/watch?v=FqPgnW5lndQ, at 23:30-24:22.



Source: https://www.youtube.com/watch?v=FqPgnW5lndQ, at 24:22-25:39.

## COUNT I

### (Infringement of U.S. Patent No. 10,402,568)

43. Plaintiff incorporates the preceding paragraphs 1-42 as stated herein.

44. Plaintiff is the owner of all right, title and interest to U.S. Patent No. 10,402,568 (the "568 Patent"), including the right to recover for past infringement thereof.

45. A true and correct copy of the 568 Patent is attached hereto as **Exhibit A**.

46. The 568 Patent is valid and enforceable.

47. Samsung directly infringes the '568 Patent under 35 U.S.C. § 271(a) through at least the following:

- Manufacture and importation into the U.S. by SEC of the Samsung Knox system;

13

- Use of Samsung Knox in the United States by SEC and SEA; and

- SEC and SEA offering Samsung Knox for sale and selling Samsung Knox in the United States.

48. Samsung Knox practices one or more claims of the '568 Patent.

49. Exemplary infringement is demonstrated in the claim chart attached as **Exhibit B**.

50. As a result of this infringement, Plaintiff has suffered damages, and is entitled to recover at least a reasonable royalty.

51. Plaintiff seeks prejudgment interest on all amounts awarded.

## COUNT II

### (Infringement of U.S. Patent No. 10,140,452)

52. Plaintiff incorporates the preceding paragraphs 1-30 as stated herein.

53. Plaintiff is the owner of all right, title and interest to U.S. Patent No. 10,140,452 (the "452 Patent"), including the right to recover for past infringement thereof.

54. A true and correct copy of the 452 Patent is attached hereto as **Exhibit C**.

55. The 452 Patent is valid and enforceable.

56. Samsung directly infringes the 452 Patent under 35 U.S.C. § 271(a) through its manufacture, development, sale, offer for sale and use of OpenStack in the United States. This includes its offer for sale and sales of networking equipment and technology for 5G networks incorporating OpenStack (as described above) and its own use of OpenStack in the Samsung Cloud in the U.S.

57. Exemplary infringement is demonstrated in the claim chart attached as **Exhibit D.**

58. As a result of this infringement, Plaintiff has suffered damages, for which it is entitled to recover at least a reasonable royalty.

59. Plaintiff seeks prejudgment interest on all amounts awarded.

## COUNT III

### (Infringement of U.S. Patent No. 10,754,957)

60. Plaintiff incorporates the preceding paragraphs 1-20 as stated herein.

61. Plaintiff is the owner of all right, title and interest to U.S. Patent No. 10,754,957 (the "957 Patent"), including the right to recover for past infringement thereof.

62. A true and correct copy of the 957 Patent is attached hereto as **Exhibit E**.

63. The 957 Patent is valid and enforceable.

64. Samsung directly infringes the '957 Patent under 35 U.S.C. § 271(a) through its use of manufacture, development, sale, offer for sale, and use of OpenStack in the United States. This includes its offer for sale and sales of networking equipment and technology for 5G networks incorporating OpenStack (as described above) and its own use of OpenStack in the Samsung Cloud in the U.S..

65. Exemplary infringement is demonstrated in the claim chart attached as **Exhibit F**.

66. As a result of this infringement, Plaintiff has suffered damages, for which it is entitled to recover at least a reasonable royalty.

67. Plaintiff seeks prejudgment interest on all amounts awarded.

## JURY DEMAND

68. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff requests that the Court:

A. Enter judgment that Defendants have infringed the asserted patents;

B. Award damages adequate to compensate for infringement;

C. Award pre- and post-judgment interest;

D. Award costs and attorneys' fees;

E. Grant all other relief the Court deems just and proper.

DATED this 19th day of May, 2026.

RESPECTFULLY SUBMITTED,

By:    */s/ Steven G. Hill*
        Steven G. Hill
        Georgia Bar No. 354658
        David K. Ludwig
        Georgia Bar No. 616971
        HILL, KERTSCHER & WHARTON, LLP
        3625 Cumberland Blvd., SE, Suite 1050
        Atlanta, Georgia 30339-6406
        Tel.: (770) 953-0995
        Email: sgh@hkw-law.com
        Email: dludwig@hkw-law.com

        *Counsel for Plaintiff*

16